IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01380-BNB

DONALD THOMAS JONES,

     Plaintiff,

v.

EXECUTIVE DIRECTOR ROGER WERHOLZ (Interim),
WARDEN JAMES FALK,
CASE MANAGER III RYAN LONG,
CASE MANAGER I ALLEN HARMS, and
CASE MANAGER II FRANKIE NICKELS,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Donald Thomas Jones, is a prisoner in the custody of the Colorado

Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr.

Jones has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983

alleging that his rights under the United States Constitution have been violated.  He

seeks damages and other relief.

The court must construe the Prisoner Complaint liberally because Mr. Jones is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Jones will be ordered to file an amended complaint if he wishes to pursue his

claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Jones fails to provide a short and plain statement of his claims showing that he is entitled to relief.  First, Mr. Jones fails to identify which Defendant or Defendants he is suing with respect to each asserted claim.  Of the four numbered claims set forth in the Prisoner Complaint, only claim three clearly is asserted against a specific Defendant.  Mr. Jones also fails to allege clearly and concisely what each Defendant did that allegedly violated his rights and he fails to allege specific facts in support of the constitutional claims he is asserting.  To the extent he is asserting due process claims,

2

Mr. Jones fails to allege clearly what Defendants did that allegedly deprived him of a constitutionally protected interest in life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  To the extent he is asserting a retaliation claim, Mr. Jones fails to allege specific facts in support of a cognizable retaliation claim against Defendants.  *See Gee v. Pacheco*, 617 F.3d 1178, 1189 (10th Cir. 2010) (discussing elements of a constitutional retaliation claim).  Construing the Prisoner Complaint liberally, Mr. Jones also may be asserting an equal protection claim, but it is not clear what any Defendant did to treat Mr. Jones differently than any similarly situated inmates.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

For these reasons, Mr. Jones will be ordered to file an amended complaint.  For each claim he asserts in the amended complaint, Mr. Jones "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Jones must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control

3

or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993).  A defendant may not be held liable for the unconstitutional conduct of

his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).  Therefore, in order to succeed in a § 1983 suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege

and demonstrate that: "(1) the defendant promulgated, created, implemented or

possessed responsibility for the continued operation of a policy that (2) caused the

complained of constitutional harm, and (3) acted with the state of mind required to

establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that Mr. Jones file, **within thirty (30) days from the date of this

order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Jones shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Jones fails to file an amended complaint that

complies with this order within the time allowed, the action will be dismissed without

further notice.

DATED May 31, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge