IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01380-BNB

DONALD THOMAS JONES,

     Plaintiff,

v.

EXECUTIVE DIRECTOR ROGER WERHOLZ (Interim),
WARDEN JAMES FALK,
CASE MANAGER III RYAN LONG,
CASE MANAGER I ALLEN HARMS, and
CASE MANAGER II FRANKIE NICKELS,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Donald Thomas Jones, initiated this action by filing *pro se* a Prisoner

Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the

United States Constitution have been violated.  Mr. Jones was incarcerated at the

Sterling Correctional Facility (SCF) in Sterling, Colorado, at that time.  On May 31,

2013, Magistrate Judge Boyd N. Boland ordered Mr. Jones to file an amended

complaint that complies with the pleading requirements of Rule 8 of the Federal Rules

of Civil Procedure.  Magistrate Judge Boland specifically determined that Mr. Jones

failed to provide a short and plain statement of his claims showing he is entitled to relief

because he failed to identify who he was suing with respect to each asserted claim, he

failed to allege clearly and concisely what each Defendant did that allegedly violated his

rights, and he failed to allege specific facts in support of each asserted claim.  On

September 4, 2013, Mr. Jones filed an amended Prisoner Complaint (ECF No. 14) and a notice of change of address (ECF No. 12) that indicates he currently is confined at a community treatment center in Englewood, Colorado.  He seeks damages as well as declaratory and unspecified injunctive relief.

The Court must construe the amended Prisoner Complaint liberally because Mr. Jones is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Jones' claims in the amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous.

Mr. Jones asserts five claims for relief in the amended Prisoner Complaint based on events that occurred while he was incarcerated at SCF.  Mr. Jones alleges in his first

claim that he was denied adequate medical care in February 2013 after he got sick from drinking bad milk.  Mr. Jones was charged with the prison disciplinary offense of advocating or creating a facility disruption based on a statement he made while he was sick and his second claim is a due process claim challenging the prison disciplinary proceedings that resulted in dismissal of the charge following a hearing on March 4, 2013.  Mr. Jones contends in his third claim that he was denied due process and subjected to double jeopardy when he was placed on restricted privileges on March 14, 2013, based on the same incident that led to the disciplinary charge.  Claim four is another due process claim in which Mr. Jones appears to challenge the denial of an administrative appeal as well as the dismissal of a state court complaint relevant to the prison disciplinary proceedings.  Finally, Mr. Jones contends in claim five that he was denied equal protection and subjected to retaliation for filing a grievance, appeals, and the state court action.  Mr. Jones asserts all five claims against Colorado Department of Corrections (DOC) Executive Director Roger Werholz and SCF Warden James Falk. Claims three and five also are asserted against Defendants Ryan Long, Allen Harms, and Frankie Nickels.[1]

To the extent Mr. Jones is asserting his claims in the amended Prisoner Complaint against DOC Executive Director Roger Werholz and SCF Warden James Falk, the claims are legally frivolous and must be dismissed because Mr. Jones fails to allege facts that demonstrate either of those Defendants personally participated in the asserted constitutional violations.  "Individual liability under § 1983 must be based on

---

[1]Mr. Jones uses the spelling "Nickels" in the caption of the amended Prisoner Complaint and the spelling "Nickles" in the body of the amended Prisoner Complaint.  It is not clear which spelling is correct.

personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Mr. Jones does not allege that DOC Executive Director Werholz and Warden Falk, by their own actions, violated his rights in any way. Instead, he explains that he is suing DOC Executive Director Werholz and Warden Falk because they "are Policy makers and w[ere] informed of the constitution[al] violations and complaints of the plaintiff through grievances and appeals but failed to correct the constitutional violation[s] that were in place when informed of [them]." (ECF No. 14 at 12.) This explanation is not sufficient to demonstrate personal participation because Mr. Jones fails to allege that DOC Executive Director Werholz and Warden Falk personally were involved in the asserted constitutional violations, that their actions caused the asserted constitutional violations, or that they acted with the requisite state of mind to support a constitutional claim. In addition, to the extent Mr. Jones' claims against DOC Executive Director Werholz and Warden Falk are premised on their responses to grievances, the Court notes "that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation

4

under § 1983." *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

For these reasons, the Court finds that any claims Mr. Jones is asserting against DOC Executive Director Werholz and Warden Falk are legally frivolous and the Court will dismiss DOC Executive Director Werholz and Warden Falk as parties to this action. Furthermore, because claims one, two, and four in the amended Prisoner Complaint are asserted only against DOC Executive Director Werholz and Warden Falk, those claims will be dismissed in their entirety.

The Court next will address claim three in the amended Prisoner Complaint. As noted above, Mr. Jones contends in his third claim that he was denied due process and subjected to double jeopardy when he was placed on restricted privileges status on March 14, 2013, based on the same incident that led to the disciplinary charge of advocating or creating a facility disruption. Mr. Jones alleges that he remained on restricted privileges for a period of ninety days.

The double jeopardy component of claim three lacks merit and will be dismissed as legally frivolous. "Because the Double Jeopardy clause only applies to proceedings that are essentially criminal in nature, it is well established that prison disciplinary sanctions – such as administrative segregation – do not implicate double jeopardy protections." *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (internal quotation marks and citations omitted). For the same reason, Mr. Jones' placement on restricted privileges does not implicate the constitutional protection against double jeopardy.

The due process component of claim three in the amended Prisoner Complaint also lacks merit and will be dismissed. The Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16

F.3d 367, 369 (10th Cir. 1994).  Mr. Jones was not deprived of life or property as a result of his placement on restricted privileges for ninety days.  Therefore, the due process claim depends upon the existence of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Generally, a liberty interest protected by due process may arise under the United States Constitution or state law.  *See Sandin*, 515 U.S. at 483-84.  State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increases the duration of confinement, and whether the conditions are indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Mr. Jones placement on restricted privileges did not implicate a liberty interest that arises under the Constitution because prisoners are not entitled to any particular degree of liberty.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369.  In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner.  *See Meachum*, 427 U.S. at 224.

The Court also finds that Mr. Jones fails to demonstrate the existence of a constitutionally protected liberty interest that arises under state law because he fails to allege facts that demonstrate his placement on restricted privileges for a period of ninety days imposed atypical and significant hardship in relation to the ordinary incidents of prison life.  Mr. Jones describes the differences between a placement in general population and restricted privileges as follows:

> Restricted Privileges is so different from regular general population inmates to the extent that you must wear different clothes, all privileges are taken from you including: (1) You can't Order commissary, (2) Your property is taken away from you, (3) you are housed separately from general population inmates, (4) Upon information and belief, you only earn 4 days earned time a month instead of the 10 or 12 per [state law].

(ECF No. 14 at 13.)

The Court is not persuaded that being subjected to these alleged deprivations for ninety days resulted in atypical and significant hardship.  *See Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin*, 515 U.S. at 479-83, for the proposition "that nondisciplinary administrative segregation 'is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.'").  Even assuming Mr. Jones is correct that his placement on restricted privileges limited the amount of earned time credits he could earn, Colorado law has not created a liberty interest in earned time credits.  *See Fogle*, 435 F.3d at 1262.

For these reasons, the Court finds that Mr. Jones was not deprived of a constitutionally protected liberty interest as a result of his placement on restricted

privileges. Therefore, the due process component of claim three also will be dismissed as legally frivolous.

Finally, Mr. Jones contends in claim five in the amended Prisoner Complaint that he was denied equal protection and subjected to retaliation for filing a grievance, appeals, and a state court action. Although Mr. Jones indicates that he is asserting claim five against all of the named Defendants, his allegations in support of claim five relate almost exclusively to Defendant Harms. (*See* ECF No. 14 at 9-10.) Mr. Jones does make one brief reference to Defendant Long in connection with claim five in which he asserts that Defendant Long approved a recommendation by Defendant Harms regarding Mr. Jones' placement at SCF. However this allegation is too vague and conclusory to demonstrate Defendant Long personally participated in the asserted denial of equal protection and retaliation set forth in claim five. To the extent Mr. Jones may be asserting claim five against Defendants Long and Nickels based on their roles as supervisory case managers (*see* ECF No. 14 at 12-13), the claims fail for the same reasons discussed above in connection with the claims against DOC Executive Director Werholz and Warden Falk. Therefore, claim five will be dismissed as legally frivolous to the extent it is asserted against any Defendant other than Defendant Harms. The Court will not address at this time the merits of claim five to the extent it is asserted against Defendant Harms.

In summary, the Court will dismiss claims one, two, three, and four in the amended Prisoner Complaint as legally frivolous. The Court also will dismiss claim five as legally frivolous to the extent the claim is asserted against any Defendant other than Defendant Harms. Because the claims against them have been dismissed, the Court

also will dismiss as parties to this action all of the Defendants other than Defendant Harms.  Mr. Jones' remaining claims against Defendant Harms will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C.  Accordingly, it is

ORDERED that claims one, two, three, and four in the amended Prisoner Complaint are dismissed in their entirety as legally frivolous.  It is

FURTHER ORDERED that claim five in the amended Prisoner Complaint is dismissed as legally frivolous to the extent it is asserted against any Defendant other than Defendant Case Manager I Allen Harms.  It is

FURTHER ORDERED that Defendants Executive Director Roger Werholz, Warden James Falk, Case Manager III Ryan Long, and Case Manager II Frankie Nickels are dismissed as parties to this action because the claims against them are legally frivolous.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __10th__ day of ___September___, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court