IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No 13-cv-01380-BNB-KLM

DONALD THOMAS JONES,

Plaintiff,

v.

ALLEN HARMS, Case Manager I,

Defendant.

_____

**ORDER**
_____

This matter is before me on the defendant's **Motion to Dismiss** [Doc. #22, filed 12/30/2013] (the "Motion"). The Motion is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although the Motion is titled "Motion to Dismiss," the body of the Motion states that the defendant seeks dismissal of the Amended Prisoner Complaint [Doc. #14] (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, summary judgment pursuant to Fed. R. Civ. P. 56. The defendant relies on evidence attached to the Motion. Therefore, the plaintiff was on notice that the Motion--on its face--seeks summary judgment pursuant to Rule 56, Fed. R.

Civ. P., and he was afforded a full opportunity to present his own evidence in response to the Motion. The plaintiff did not file any response.

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility. All of his claims have been dismissed [Doc. #16] except Claim Five against defendant Harms for denial of the plaintiff's equal protection rights and retaliation. Claim Five alleges that Harms violated the plaintiff's equal protection rights and retaliated against him when (1) on May 9, 2013, Harms reviewed the plaintiff's placement on Restricted Privileges ("RP") status and continued the RP status; (2) Harms gave the plaintiff low scores on his Progress Assessment Summary ("PAS") and his Inmate Reclassification Custody Rating ("IRCR"); and (3) on June 16, 2013, Harms brought up at a parole hearing a dismissed disciplinary charge. *Complaint*, pp. 9-10. The plaintiff seeks nominal, compensatory, and punitive damages.

The defendant argues that the Complaint must be dismissed because the plaintiff failed to exhaust his administrative remedies. *Motion*, pp. 3-5. Because the plaintiff's claims challenge prison conditions, they are governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, money damages, or both. Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court stressed that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6.

3

The DOC provides inmates with administrative remedies pursuant to a process set forth in Administrative Regulation ("AR") 850-04. *Motion*, Ex. A-1, ¶ 4.  AR 850-04 requires inmates to first attempt to resolve an issue by filing a Step 1 grievance within 30 days of the discovery of the issue.  Id. at ¶ 6.  If the inmate is not satisfied with the response to his grievance, he may file a Step 2 grievance within five days of receipt of the response to the Step 1 grievance.  Id. at ¶ 7.  If the inmate is unsatisfied with the response to his Step 2 grievance, he may file a Step 3 grievance within five days of receipt of the response to the Step 2 grievance.  Id. at ¶ 8.  The Step 3 grievance is the final step in the DOC grievance process.  If an inmate does not complete all three steps, he has not exhausted the grievance process.  Id. at ¶9.

It is undisputed that the plaintiff has filed only two grievances since 2012.  Both were Step 1 grievances.  The plaintiff received responses to both grievances, but he did not appeal either of them.  Id. at ¶¶ 11-13.  The grievances did not address the plaintiff's allegations against defendant Harms.  Id. at ¶¶ 12, 13, 15.

The undisputed evidence establishes that the plaintiff did not exhaust his administrative remedies regarding his claims against defendant Harms.

IT IS ORDERED that the defendant's Motion to Dismiss [Doc. #22] is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE.

Dated February 24, 2014.

                                     BY THE COURT:

                                     s/ Boyd N. Boland
                                     United States Magistrate Judge